No. 86.—The Bank of St. Mary's, plaintiff in error, *vs.* Henry W. Brooks.   Henry W. Brooks, plaintiff in error, *vs.* The Bank of St. Mary's.

[1.] Where a party is the holder of the bills of an incorporated bank in this State, to the amount of $150,00, he may divide the bills so held by him; that is to say, he may select three ten dollar bills, or six five dollar bills, and maintain suit thereon in a Justice's Court, according to the provisions of the Act, of 1842.

[2.] A Justices Court, in this State, has jurisdiction to award judgment against a bank, for the non payment of its bills in specie, to the amount of thirty dollars, with interest thereon, and ten per cent. damages, as provided by the Act of 1832.

Certiorari, in Muscogee Superior Court.    Decision by Judge IVERSON, November Term, 1852.

Henry W. Brooks, the holder of bills of the Bank of St. Mary's, to the amount of one hundred and fifty dollars, commenced five several suits in the Justice's Court thereon, for the sum, in each case, of thirty dollars principal, with interest, and ten per cent. damages on the principal sum for a failure to pay the same on demand.    Counsel for the bank objected to the jurisdiction of the Court.

1st. Because the plaintiff being, the creditor of the bank for the sum of $150, could not give jurisdiction to the Justice's Court, by dividing the same into sums of $30 each.

2d. That the jurisdiction of the Court being confined to $30, the Court had no jurisdiction of these cases, where $3 for damages were claimed, making each case for $33, besides interest.

The Justice's Court overruled these objections and gave judgment for Brooks for $30 principal, with interest, and $3 damages.    To this judgment a writ of certiorari was sued out to the Superior Court, alleging error upon the grounds stated.

After hearing argument, the Judge of the Superior Court overruled the first ground, and sustained the second, and ordered that the causes be remanded to the Justice's Court, with directions to set aside the judgments, unless the plaintiff would remit the judgment for $3 damages, in which event the judgment should stand for $30 principal, with interest and cost.

To this decision both parties excepted, and have assigned error thereon.    By consent, the writs were heard together in the Supreme Court.

The counsel for the Bank of St. Mary's assigned as error:

1st. The overruling the first ground of objection to the jurisdiction of the Court.

2d. The order allowing the judgments to stand, upon the entering of a remittiter for the damages.

The counsel for Brooks assign as error:

The sustaining of the second ground of objection to the jurisdiction of the Court.

COLUMBUS, JANUARY TERM, 1853.   533

The Bank of St. Mary's vs. Brooks.

W. Dougherty, for Brooks.

Moses, for the Bank of St. Mary's.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The first objection made in the record is, that inasmuch as the creditor of the bank, held the bills of the bank for the sum of $150,00, he could not divide the bills into sums of thirty dollars each; that is to say, he could not select three ten dollar bills, or six five dollar bills, and maintain a suit thereon, in the Justice's Court.

In our judgment, the Act of 1842 settles this question in favor of the plaintiff in the Justice's Court. *Cobb's Dig.* 652.

[2.] The next objection is, that the Justice's Court had no jurisdiction to award the ten per cent. damages against the bank, in addition to the lawful interest, as provided by the Act of 1832. *Prince*, 48. By this Act it is provided, that when any incorporated bank in this State shall fail, or refuse to pay specie for any of its bills, when demanded by any individual, when held as his own property, upon suit thereof, such individual, in addition to the lawful interest, shall *receive* ten per centum damage for such refusal or failure, upon the amount so refused or failed to be redeemed in specie.

By the 3d section of the Act of 1819, Justices of the Peace are empowered to give judgment for any sum not exceeding thirty dollars, *exclusive of interest and cost.*

In this case, the plaintiff would be entitled to judgment for the interest due on the bills, as a *legal incident* resulting from the non-payment thereof by the bank, which interest is *definitely fixed by law.* So in regard to the ten per cent. damages, the plaintiff is entitled to the ten per cent. damages as a *fixed legal incident,* resulting from the non-payment of the bills in specie, when demanded.

The Justice gives judgment for thirty dollars in favor of the plaintiff against the defendant; the recovery of the interest and damages, necessarily follows, *by operation of law;* the Statute

declaring the plaintiff *shall receive* ten per centum as damages, in *addition to the lawful interest.* On this last ground, let the judgment of the Court below be reversed.